## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY L. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 11-0483 (RCL) |
| | ) |
| KATHLEEN G. SEBELIUS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

United States Magistrate Judge Deborah A. Robinson denied without prejudice defendant's original motion to dismiss plaintiff's 228-page complaint and directed plaintiff, proceeding *pro se*, to file an amended complaint "no more than 20 pages long" that complies with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Mem. Order (Feb. 6, 2012). Plaintiff filed an amended complaint [Dkt. # 21] and defendant has renewed her motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and Rules 8(a), 10(a), 12(b)(1) and 12(b)(6). Def.'s Renewed Mot. to Dismiss [Dkt. # 26]. Plaintiff has opposed defendant's motion. Court Ordered Reply ("Pl.'s Opp'n") [Dkt. # 30]. For the following reasons, the Court will grant defendant's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. When a party files a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the plaintiff[ ] bear[s] the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction."

1

*Carney Hosp. Transitional Care Unit v. Leavitt*, 549 F. Supp. 2d 93, 95 (D.D.C. 2008) (citing

*McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)) (other citation and

internal quotation marks omitted) (alterations in original).   A court considering a motion to

dismiss for lack of jurisdiction must accept the factual allegations in the complaint as true.

*Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).   This "tenet" does

not apply to legal conclusions couched as factual allegations.   *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009).   When assessing a motion to dismiss under Rule 12(b)(1), a court may consider any

undisputed facts in the record, or "the complaint supplemented by undisputed facts plus the

court's resolution of disputed facts."   *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C.

Cir. 1992).

## DISCUSSION

Although plaintiff improperly labels his causes of action as "Estoppel By Record" and

"Equitable Estoppel," and mentions those doctrines throughout the amended complaint, the

Court, as has defendant, discerns a claim arising out of the Social Security Administration's

decision to suspend plaintiff's disability benefits.[1]   On page two of the amended complaint,

plaintiff provides what he purports is a case name and claim number assigned by the Social

Security Administration, and he alleges that "defendant . . . brought an action against plaintiff . . .

through the . . . SSA [and other departments] . . . to terminate benefits for failure to no longer

meet a criteria justifying benefits . . . ."   Am. Compl. at 2 ¶ 24.   In his opposition, plaintiff

contends that defendant should be estopped from denying his "claim for continued uninterrupted

SSI Benefits under the theory of due process . . . ."   Pl.'s Opp'n at 5.

---

[1]   Despite plaintiff's failure to name the Social Security Administration or its Commissioner as
a defendant, the United States Attorney sensibly reached out to the SSA and has provided
information pertinent to plaintiff's benefits claim.   Pursuant to Fed. R. Civ. P. 19(a), the Court
will order that Acting Social Security Commissioner Carolyn W. Colvin be joined as a defendant
in this action.

Plaintiff advances other incomprehensible arguments that have little or nothing to do with his social security benefits. "A complaint may be dismissed on jurisdictional grounds when it 'is patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). In addition, dismissal on jurisdictional grounds is warranted when the complaint "postulat[es] events and circumstances of a wholly fanciful kind." *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The Court agrees with defendant's assessment that most of plaintiff's "incoherent ramblings" set forth in the amended complaint merit dismissal of the case under Rule 12(b)(1) as frivolous. Def.'s Mem. of P. & A. in Support of Renewed Mot. to Dismiss ("Def.'s Mem.") at 4.

With regard to the benefits claim, the Court agrees that dismissal is warranted for the following two reasons. First, to the extent that plaintiff is raising a due process claim, Pl.'s Opp'n at 5, the record shows that plaintiff received the process due him insofar as he received notice that his benefits were in jeopardy and was given a meaningful opportunity to respond. *See* Decl. of Mandy Stokes ¶¶ 12-16 [Dkt. # 26-1, ECF pp. 1-5]; *id.*, Ex. 11-2, ECF pp. 77-80 (Notice of Disability Cessation ("Cess. Notice.")); *see also Mathews v. Eldridge*, 424 U.S. 319, 349 (1976) (concluding that "an evidentiary hearing is not required prior to the termination of disability benefits and that the present administrative procedures [providing notice and the opportunity to present case] fully comport with due process"). Furthermore, "the mere allegation of a due process violation [arising out of an SSA decision] is insufficient to raise a colorable constitutional claim that will provide the Court with subject-matter jurisdiction." *Maiden v. Barnhart*, 450 F. Supp. 2d 1, 4 (D.D.C. 2006) (citation omitted).

Second, plaintiff has not refuted with any cogent argument that he failed to properly exhaust his administrative remedies by filing a timely administrative appeal of the decision dated January 21, 2009. *See* Def.'s Mem. at 10-12. Plaintiff's benefits were suspended because he failed to respond to "[s]everal attempts" to obtain his medical evidence. Cess. Notice at 1. The record shows that plaintiff lodged his administrative appeal on May 27, 2009, which was well beyond the 60-day period about which the notice informed him; hence, the appeal was denied that same day as untimely. Stokes Decl. ¶¶ 17-18; *see* Cess. Notice at 2 (discussing appeal rights). Plaintiff has not shown that he exercised his right to a hearing before an administrative law judge, *see* Cess. Notice at 2, and the Social Security Act authorizes judicial review only "after any final decision of the Commissioner of Social Security made after a hearing to which [the individual] was a party . . . ." 42 U.S.C. § 405(g). Hence, this Court will dismiss plaintiff's benefits claim without prejudice for want of jurisdiction.[2] *See Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975) (interpreting prerequisites of presentment and exhaustion "central to the requisite grant of subject-matter jurisdiction" under the SSA); *Ryan v. Bentson*, 12 F.3d 245 (D.C. Cir. 1993) (affirming district court's dismissal for want of jurisdiction where Secretary had not waived exhaustion requirement for claim arising out of SSA's suspension of benefits).

---

[2]    Whether to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction or under Rule 12(b)(6) for failure to state a claim is debatable. The Supreme Court has interpreted *Salfi's* requirements for obtaining judicial review as having "two elements, only one [presenting a benefits claim to the Secretary] of which is purely 'jurisdictional' " and, thus, "nonwaivable." *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). "The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted." *Id.* The Court recognized that "[t]he Secretary may waive the exhaustion requirement if he satisfies himself, at any stage of the administrative process, that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief that is sought is beyond his power to confer." *Id.* at 330. This Court finds the jurisdictional bar appropriate here because defendant has not waived the exhaustion requirement and plaintiff's failure to provide the requested medical evidence necessary to rendering a decision about his benefits arguably falls short of satisfying the nonwaivable presentment requirement.

For the foregoing reasons, the Court will grant defendant's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and will dismiss the case.  A final order accompanies this Memorandum Opinion.

Royce C. Lamberth
_____
ROYCE C. LAMBERTH
United States District Chief Judge

DATE:  March _25_, 2013